**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER TURNER,

              Plaintiff - Appellant,

    v.

CITY AND COUNTY OF SAN
FRANCISCO; et al.,

              Defendants - Appellees.

No. 13-15099

D.C. No. 3:11-cv-01427-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted January 15, 2015
San Francisco, California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

    Peter Turner, a former "temporary exempt employee" of the City and

County of San Francisco ("the City"), appeals the dismissal with prejudice of his

claims against the City for wrongful discharge. Turner asserts that the City violated

his due process rights; retaliated against him in violation of California Labor Code

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1102.5; and retaliated against him in violation of the California False Claims Act, Cal. Gov't Code § 12650. In addition, Turner appeals the district court's remand to state court of his taxpayer claim under Section 526(a) of the California Code of Civil Procedure for illegal or wasteful expenditure of taxpayer funds. Turner's remaining First Amendment claim is addressed in an opinion filed concurrently. We affirm.

1.      42 U.S.C. § 1983 Due Process Property Interest Claim

Turner contends that the district court improperly dismissed his due process claim under 42 U.S.C. § 1983 because he had "a clear property interest in his *de facto* regular civil service employment." Turner's claim fails because he was hired as a temporary exempt employee, and"[t]emporary, non-civil service employees have no property interest in continued employment, according to California law." *Hyland v. Wonder*, 972 F.2d 1129, 1141 (9th Cir. 1992). Indeed, as a matter of California law, "employees do not become entitled to occupy positions in classifications other than the ones to which they were appointed merely by virtue of having been assigned duties that properly belong to a higher classification." *Kreutzer v. City and Cnty of S.F.*, 166 Cal. App. 4th 306, 314 (2008). The district court did not abuse its broad discretion in denying Turner leave to amend his due

process claim. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

2.     California Labor Code Section 1102.5 Retaliation Claim

Turner alleges that the City violated California Labor Code Section 1102.5, which at the time Turner filed his claim prohibited an employer from retaliating against an employee "for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." Cal. Labor Code § 1102.5(b) (effective January 1, 2004 to December 31, 2013). Before being terminated, Turner "sp[oke] out against the practice" of using temporary exempt employees in violation of the San Francisco City Charter. At the time that Turner claimed protection under § 1102.5, the statute did not recognize a cause of action for retaliation against employees who revealed violations of "local laws," like city charters. *See Edgerly v. City of Oakland*, 211 Cal. App. 4th 1191, 1201-02 (2012); *Mueller v. Cnty of L.A.*, 176 Cal. App. 4th 809, 821-22 (2009). Turner's claim under this provision was therefore properly dismissed.

3.     California False Claims Act Retaliation Claim

Turner argues that "the hiring of Plaintiff and others as under the temporary exempt designation of Rule 10.104(18) of the City Charter constituted a false claim." Turner alleges that this violated § 12650 of the California Government Code,[1] known as the False Claims Act (FCA), which prohibits an employer from retaliating against an employee for efforts to stop the submission of a false or fraudulent claim by "any person" to the state. Cal. Gov. Code § 12651(a); *see Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Turner's claim fails because under the FCA, the false claim must have been made by a "person," which does not include government entities like the Department of Public Works (DPW). Cal. Gov. Code. § 12650(b)(9); *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1192-93 (2006).

4.      Article III Standing under Section 526a of the Cal. Code. Civ. P.

The district court appropriately remanded to state court Turner's claim under California Code of Civil Procedure § 526(a) for illegal or wasteful expenditure of funds. Turner does not have Article III taxpayer standing to pursue his claim in federal court. To the extent Turner claims a monetary injury as a taxpayer, it is a generalized grievance for which he has no standing to sue. "[T]he mere fact that a

---

[1]The California False Claims Act was revised, and the new version took effect on January 1, 2013. This memorandum disposition cites to the section numbers for the most recent version of the Act.

4

plaintiff is a taxpayer is not generally deemed sufficient to establish standing in federal court," and Turner's claim does not qualify for an exception to this rule. *See Arizona Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1440 (2011). Alternatively, to the extent Turner claims an injury related to his job status, he lacks standing because the injury is not redressable through an action under California Code of Civil Procedure § 526(a). Section 526(a) authorizes only a judgment "restraining and preventing any illegal expenditure" of taxpayer funds, so success on a § 526(a) claim would not impact Turner's job status.

**AFFIRMED.**